NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MARIA ESTEBAN-NICOLAS; D.F.J.E.,

               Petitioners,

   v.

PAMELA BONDI, Attorney General,

               Respondent.

No. 24-256

Agency Nos.
A220-506-092
A220-506-093

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Maria Esteban-Nicolas and her minor son, natives and citizens of Guatemala, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously granted the parties' joint motion to submit this case on the briefs. Dkt. 32.

withholding of removal, and protection under the Convention Against Torture ("CAT").[1] Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

1.     An applicant for asylum or withholding of removal must establish either a reasonable possibility (asylum) or a likelihood (withholding) of persecution (1) by the government of the country of removal or those the government is unable or unwilling to control (2) on account of a protected ground.  8 C.F.R. § 1208.13(b) (asylum); 8 CFR § 208.16(b) (withholding).  In denying asylum and withholding, the IJ found that Esteban-Nicolas had not demonstrated that the Guatemalan government had persecuted or would persecute her, or that it was or would be unwilling to control any past or future persecution by non-governmental actors.  The BIA expressly affirmed that finding.

Esteban-Nicolas does not contend that the Guatemalan government had persecuted her or would in the future.  As to control of private actors, "considering all the evidence in the record," *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1070 (9th Cir. 2017) (en banc), substantial evidence supports the agency's conclusion that Esteban-Nicolas has not shown that the government would be unwilling or unable to prevent future persecution of her.  Esteban-Nicolas did not report her mistreatment

---

[1]     The son, a derivative beneficiary of his mother's asylum application, also submitted his own application for asylum, withholding, and CAT protection.  The BIA did not address the son's application separately, and no distinct arguments about that application are raised in petitioners' briefing.  We therefore analyze only the mother's petition.

by gang members to the police. She presented no evidence that "others have made reports of similar incidents to no avail," nor that involving the police would have "subjected [her] to further abuse" after reporting. *Id.* at 1066 (cleaned up). Rather, she testified that the police "would probably [have] help[ed]" had she gone to them. Although the country conditions evidence provides some evidence of the failure of the Guatemalan government to remedy the "structural violence, exclusion, and racism that Indigenous communities have faced in Guatemala," it does not "establish[] that private persecution of" the sort Esteban-Nicolas fears "is widespread and well-known but not controlled by the government" or "demonstrat[e] that [Guatemala's] laws or customs effectively deprive the petitioner of any meaningful recourse to governmental protection." *Id.* (cleaned up). Because the record does not compel the conclusion that the Guatemalan government was or would be unwilling or unable to protect Esteban-Nicolas, we deny the petition for review with respect to the agency's denial of asylum and withholding.

2. Esteban-Nicolas's opening brief does not discuss the agency's denial of CAT protection, mentioning the denial only in a single sentence in the "issues presented for review" section. "Issues raised in a brief that are not supported by argument are deemed abandoned." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996); *see also Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021) (concluding that the petitioner forfeited any challenge to the denial of CAT

protection because he did not address the claim in his opening brief). Esteban-Nicolas has therefore forfeited any challenge to the denial of her CAT claim.

**PETITIONS FOR REVIEW DENIED.**[2]

---

[2] The stay of removal shall dissolve on the issuance of the mandate.